## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM VARGAS,<br><br>                          Plaintiff,<br><br>          v.<br><br>NORTHROP GRUMMAN<br>CORPORATION; PATRICK MOISAN;<br>HERSCHEL HILL; and DOES 1 to 100,<br>inclusive,<br><br>                          Defendants. | Case No. 2:26-cv-01879-SPG-MAR<br><br>**ORDER DENYING MOTION TO REMAND TO STATE COURT [ECF NO. 15]** |

Before the Court is the Motion for an Order to Remand to State Court, (ECF No. 15 ("Motion")), filed by Plaintiff Adam Vargas ("Plaintiff"). The Court has read and considered the matters raised with respect to the Motion and determined that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES the Motion.

## I.    BACKGROUND

Plaintiff brings this case against his former employer, Defendant Northrop Grumman Corporation ("Defendant Northrop"), and former supervisors at Northrop,

Patrick Moisan[1] ("Defendant Moisan") and Herschel Hill ("Defendant Hill") (collectively, "Defendants"), asserting that he was wrongfully terminated from his position as an aircraft electrician based on his disability. *See* (ECF No. 10 ("First Amended Complaint" or "FAC") ¶¶ 2, 11–14).

Plaintiff alleges that Defendants improperly denied his requests for disability accommodations to perform his employment duties in the form of "light-duty work" and wrongfully terminated him because of his disability. *See* (*id.* ¶¶ 11–19). In the FAC, Plaintiff alleges that Defendant Moisan was the supervisor who "refused to accommodate these [light-duty] restrictions," "recorded negative attendance notations" that resulted from Defendants' failure to accommodate, and ultimately informed Plaintiff about his termination at a meeting on or about January 18, 2024. (*Id.* ¶¶ 13, 14). Plaintiff's original Complaint identified Defendant Hill as an individual present at the January 18, 2024, meeting, but otherwise did not raise allegations against Defendant Hill and did not name Defendant Hill as a Defendant. (Complaint). The FAC names Hill as a defendant but does not allege additional facts or causes of action against Hill. *See* (FAC).

Plaintiff raises the following twelve causes of action: (1) Discrimination on the Basis of Disability in violation of the California Fair Employment and Housing Act, Cal. Gov't Code § 12900, *et seq.* ("FEHA"); (2) Hostile Work Environment Harassment, in violation of the FEHA; (3) Retaliation for Engaging in Protected Activity, in violation of the FEHA; (4) Failure to Provide Reasonable Accommodation, in violation of the FEHA; (5) Failure to Engage in the Interactive Process, in violation of the FEHA; (6) Failure to Prevent Discrimination, Harassment, or Retaliation, in violation of the FEHA; (7) Negligent Hiring, Supervision, and Retention; (8) Wrongful Termination of Employment, in violation of public policy; (9) Whistleblower Retaliation, in violation of Cal. Lab. Code § 1102.5; (10) Intentional Infliction of Emotional Distress ("IIED"); (11) Breach of Express Oral

---

[1] The Complaint misspells Moisan's name as "Moisin." *E.g.* (ECF No. 1, Ex. A ("Complaint") ¶ 2). As this has been corrected by Plaintiff in subsequent filings, all references to "Moisin" in the Complaint will be altered as "Moisan."

Contract not to Terminate Employment Without Good Cause; and (12) Breach of Implied-In-Fact Contract not to Terminate Employment Without Good Cause. *See* (*id.*). As relief, Plaintiff seeks general and special damages, exemplary damages, declaratory relief, and reasonable attorneys' fees and costs. (*Id.* at Prayer). Plaintiff asserts that "[t]he amount demanded exceeds $35,000.00." (*Id.*).

Plaintiff filed this case in Los Angeles Superior Court on December 10, 2025, against Defendants Northrop and Moisan. (Compl.). Defendants Northrop and Moisan filed an Answer and removed the case to this Court on February 20, 2026. *See* (ECF No. 1 ("Notice of Removal" or "NOR")); (ECF No. 1, Ex. C ("Answer")). On March 12, 2026, Plaintiff filed the First Amended Complaint and added Defendant Hill as to the hostile work environment and IIED claims. *See* (FAC ¶ 2).

On March 23, 2026, Plaintiff filed this Motion to Remand, arguing that the Court lacks diversity jurisdiction because Plaintiff and Defendant Hill are not diverse. (Mot.). Defendants filed an Opposition on April 1, 2026, arguing that Defendant Hill was improperly joined or, in the alternative, that he was fraudulently joined as a sham defendant. (ECF No. 20 ("Opp.")). Plaintiff did not file a Reply.[2]

---

[2] On May 11, 2026, Plaintiff filed a "Notice of New Facts and Changed Circumstances Regarding Plaintiff's Motion to Remand." (ECF No. 26 ("Notice")). In the Notice, Plaintiff states that on May 7, 2026, Defendants' counsel informed Plaintiff that they had been retained to represent Defendant Hill, implying that "Defendant Hill is a real party to this action with genuine liability exposure." (*Id.* at 3). However, Plaintiff references no legal authority in support of Defendant Hill's alleged liability. *See* (*id.*). Nor did Plaintiff seek leave of Court to file a late Reply. *See* C.D. Cal. L.R. 7-13 ("A party filing any document in support of, or in opposition to, any motion noticed for hearing . . . after the time for filing the same shall have expired, [] shall be subject to the sanctions of L.R. 83-7 and the F.R.Civ.P."). Given the absence of legal argument, and in light of Plaintiff's failure to seek leave of Court, the Court declines to consider the Notice when adjudicating the Motion. *See* C.D. Cal. L.R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule.").

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a).

There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).  "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).  The removing party bears the burden of establishing federal subject matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## III.   DISCUSSION

Plaintiff contends that the Court lacks diversity jurisdiction because the parties are not diverse and Defendants failed to establish that the amount in controversy exceeds $75,000.  (Mot. at 6).  In opposition, Defendants argue that the Court should decline to consider the Motion because Plaintiff did not meet and confer in accordance with Central District of California Local Rule 7-3.  (Opp. at 14–15).  On the merits, Defendants also contend that Defendant Hill should be dropped from the case pursuant to 28 U.S.C. § 1447(e), or in the alternative, that his citizenship should be disregarded because he was fraudulently joined by Plaintiff as a sham defendant. *See* (*id.* at 15–28).  Defendants also assert that the amount in controversy exceeds the jurisdictional requirement. *See* (*id.* at 29–33).

**A.      Rule 7-3**

Central District of California Local Rule 7-3 requires that, before filing a motion, a party must meet and confer with opposing counsel "to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. This meet and confer requirement both provides sufficient notice to the opposing party regarding the pending motion and its contents and encourages the parties to reach a resolution in the absence of judicial intervention, thereby promoting "judicial economy and the administration of justice." *R.H. v. Cnty. of San Bernardino*, No. 5:18-cv-01232-JLS-KK, 2019 WL 10744836, at *1 (C.D. Cal. Sept. 25, 2019) (internal quotation marks and citation omitted). Courts in the Central District of California have discretion to "decline to consider a motion" for failure to meet the meet and confer requirements. C.D. Cal. L.R. 7-4; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

Defendants contend that Plaintiff failed to meet and confer in advance of filing this Motion, in violation of Local Rule 7-3. *See* (Opp. at 14). The Court agrees. Plaintiff's counsel of record, Gevik Yenoki, attests that his office sent correspondence, in the form of an electronic letter, to Defendants' counsel that "Plaintiff intended to move to remand this matter to state court" on March 11, 2026. (ECF No. 15-1 ("Yenoki Decl.") ¶ 4). The letter states, "[p]lease accept this letter as [Plaintiff's] good faith effort to meet and confer regarding remand pursuant to Local Rule 7-3" and "requests that Defendant respond regarding the aforementioned issues as soon as possible." (ECF No. 15-4 at 1–2). The parties dispute whether Defendants timely responded, and nothing on the record before the Court indicates that the parties discussed the substance of the Motion or any potential resolution, in person or otherwise. *See* (Yenoki Decl. ¶ 4); (Opp. at 14–15).

The Court finds Plaintiff's letter fails to conform with Local Rule 7-3's requirement to "discuss thoroughly, preferably in person, the substance of the contemplated motion." *See* C.D. Cal. L.R. 7-3; *see Est. of Martinez v. Cnty. of Los Angeles*, No. 2:23-cv-05586-

ODW-MAA, 2026 WL 445537, at *2 (C.D. Cal. Feb. 17, 2026) (recognizing that "[s]ending a letter . . . does not constitute a conference of counsel under Local Rule 7-3"). While the letter provides notice to Defendants regarding the basis of Plaintiff's remand motion, the parties do not submit evidence demonstrating that they engaged in a thorough discussion to resolve or limit the scope of the dispute. Plainly, this violates Rule 7-3. *See Davidson-Gesser v. Aequor Healthcare Servs., LLC*, No. 8:25-cv-00760-FWS-ADS, 2025 WL 2019448, at *1 (C.D. Cal. July 14, 2025) ("Local Rule 7-3 is not just a piece of petty pedantry put down to trip up lawyers or mere formalism simply there for lawyers to check[] off.") (internal quotation marks and citation omitted).

Nevertheless, Plaintiff represents, and Defendants dispute, that Defendants did not timely respond to the letter. *See* (Yenoki Decl. ¶ 4); (Opp. at 14–15). The meet and confer requirement is not borne solely by the moving party; the party opposing a motion must also engage in the process. *See* C.D. Cal. L.R. 7-3. Moreover, the crux of this remand motion centers on the Court's subject matter jurisdiction, the existence of which the court has "an independent obligation" to determine. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The Court therefore declines to summarily deny the motion for failure to meet and confer and will consider the Motion under the circumstances.

**B.    Original Jurisdiction: Diversity of Citizenship**

"Federal district courts are vested with original jurisdiction over matters in controversy between 'citizens of different States.'" *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) (quoting 28 U.S.C. § 1332(a)(1)). A party is a citizen of a state where they are domiciled or "where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (internal quotation marks and citation omitted). For the purpose of diversity jurisdiction, a party's domicile is determined at the time the case is filed, and it is a "mixed question of law and fact," of which the party asserting diversity jurisdiction bears the burden of proof. *Id.* "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse

-6-

defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)).

Defendants removed this case pursuant to 28 U.S.C. § 1332(a), asserting that the Court has diversity jurisdiction over the case. *See* (NOR). It is uncontested that Plaintiff is a citizen of California, Defendant Northrop is deemed to be a citizen of Delaware and Virginia, and Defendant Hill is a citizen of California. *See* (Mot. at 9); (Opp. at 28–29). The parties dispute whether Defendant Moisan is a citizen of California or Alabama. *See* (Mot. at 9–10); (Opp. at 28–29).

### 1.   Defendant Moisan

An individual's domicile changes upon a physical presence in a new state with an intent to remain there indefinitely. *Lew*, 797 F.2d at 750. In determining an individual's domicile, courts consider a number of factors, including "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Id.* (citing 13 Wright & Miller, *Federal Practice and Procedure* § 3612, at 529–31 (1984 & Supp. 1986)). "[D]omicile is evaluated in terms of objective facts, and [] statements of intent are entitled to little weight when in conflict with facts." *Id.* (internal quotation marks and citation omitted).

The Court concludes that Defendant Moisan is a citizen of Alabama. In support of Defendants' Notice of Removal, Defendant Moisan attests that, "[o]n August 11, 2025, I relocated to Huntsville, Alabama as a Manager, General Manufacturing I and began working at Northrop's Huntsville, Alabama hub. I currently reside in Huntsville, Alabama and intend to continue to reside there." (ECF No. 1-1 ("Moisan Decl.") ¶ 3). Through this Declaration, Defendants have demonstrated that Defendant Moisan currently lives in Alabama, is employed in Alabama, and intends to remain in Alabama, and thus, is domiciled in Alabama. That Defendant Moisan may have been a citizen of California while

the events underlying Plaintiff's employment discrimination claim transpired is irrelevant to the question of Moisan's citizenship for subject matter jurisdiction purposes; Moisan is a citizen of the state in which he resided at the time Plaintiff filed the case. *See* (Mot. at 9); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294–95 (1938) ("It uniformly has been held that in a suit properly begun in the federal court the change of citizenship of a party does not oust the jurisdiction. The same rule governs a suit originally brought in a state court and removed to a federal court."). Defendant Moisan attests that he moved to Alabama on August 11, 2025, and Plaintiff commenced this case on December 10, 2025. *See* (Moisan Decl. ¶ 3); (Compl.). Given that Defendant Moisan resided in Alabama when the lawsuit was filed, and intends to remain there indefinitely, Defendant Moisan is a citizen of Alabama. Therefore, the Court does not lack subject matter jurisdiction based on Defendant Moisan's citizenship.

### 2. Defendant Hill

The Court next addresses whether Plaintiff's addition of Defendant Hill divests federal court of subject matter jurisdiction based on lack of diversity.

In their Opposition, Defendants request the Court exercise its discretion and deny joinder of Defendant Hill pursuant to 28 U.S.C.§ 1447(e). *See* (Opp. at 21). Even if Defendant Hill is permitted to join the case as a defendant, Defendants argue that his citizenship should be ignored for the purposes of diversity jurisdiction under the doctrine of fraudulent joinder. *See* (*id.* at 15). Plaintiff has not filed a Reply or otherwise responded to these arguments.

### a) Discretion Under Rule 1447(e)

The procedural posture of this case presents a potential conflict between Plaintiff's right to amend pursuant to Rule 15(a)(1) and 28 U.S.C. § 1447(e), which governs the addition of defendants following removal. Generally, a plaintiff may amend its pleading "once as a matter of course" within twenty-one days of service of a responsive pleading. *See* Fed. R. Civ. P. 15(a)(1)(B). Where a plaintiff seeks to join after removal a defendant whose joinder would divest the district court of subject matter jurisdiction, the court "may

deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "[T]he decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

Some courts, including the Fifth and Fourth Circuit Courts of Appeal, have held that, after removal to federal court, the addition of a non-diverse defendant is governed by § 1447(e), notwithstanding a plaintiff's right to amend under Rule 15, because Rule 15 is a general rule that conflicts with the more specific provisions of § 1447(e). *See McIntosh v. Hess Corp.*, No. CV 2020-0098, 2021 WL 2143327, at *5 n.5 (D.V.I. May 25, 2021) (citing *Dillard v. Albertson's, Inc.*, 226 F.3d 642 (5th Cir. 2000) (unpublished opinion); *Mayes v. Rapoport*, 198 F.3d 457, 462–63 (4th Cir. 1999)). Other district courts have held that because amendments under Rule 15(a)(1) are automatic as a matter of course and do not require approval of court, § 1447(e) is not implicated. *Id.* at *6 (citing cases).

District courts in the Ninth Circuit generally conclude that § 1447(e) controls, even where a plaintiff has exercises their right to amend as a matter of course pursuant to Rule 15, because "[t]o apply the permissive standard of Rule 15(a) in this situation would allow a plaintiff to improperly manipulate the forum of an action" and "destroy[] diversity jurisdiction." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086–87 (C.D. Cal. 1999); *see, e.g.*, *Peterson v. Reche Canyon Reg'l Rehab Ctr.*, No. 5:23-cv-02198-MEMF-SHK, 2024 WL 1929988, at *3 (C.D. Cal. Apr. 26, 2024) (describing potential conflict between Rule 15 and § 1447(e)); *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 657–58 (S.D. Cal. 2000) (same); *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173 (E.D. Cal. 2011), *aff'd in part*, 604 F. App'x 545 (9th Cir. 2015) ("Plaintiffs may not circumvent 28 U.S.C. § 1447(e) by relying on [Rule] 15(a) to join non-diverse parties."); *but see Matthews Metals Prods., Inc. v. RBM Precision Metal Prods., Inc.*, 186 F.R.D. 581, 583 (N.D. Cal. 1999) (concluding that under Rule 15, "leave of court is not required for an amendment adding a party prior to the filing of a responsive pleading").

When exercising its discretion whether to permit joinder under 28 U.S.C. § 1447(e), a district court typically addresses the following six factors: "(1) whether the new defendants should be joined under Federal Rule of Civil Procedure 19(a) as needed for just adjudication; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." *Khachunts v. Gen. Ins. Co. of Am.*, 682 F. Supp. 3d 827, 832–33 (C.D. Cal. 2023) (internal quotation marks and citation omitted). "A court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary condition for joinder." *Leyba v. Walmart, Inc.*, No. 2:20-cv-07604-ODW-E, 2021 WL 8893640, at \*2 (C.D. Cal. Feb. 2, 2021). If a party is improperly joined, the court has discretion to dismiss that party from the proceedings. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party."); *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 609 (S.D. Cal. 2014).

### (1)      *Section 1447(e) Factor Analysis*

In the absence of opposing argument by Plaintiff, the Court addresses the § 1447(e) arguments raised by Defendants and concludes that the factors weigh against joinder of Hill as a defendant.

First, it appears that Plaintiff likely filed the FAC to defeat diversity jurisdiction. To determine a plaintiff's motive in adding a defendant, courts evaluate "(1) whether the plaintiff was aware of removal when the plaintiff amended her complaint; (2) whether the proposed amended complaint contains only minor or insignificant changes to the original complaint; (3) whether a plaintiff has provided an explanation for why the plaintiff waited to assert claims against the non-diverse defendant; and (4) whether the plaintiff has asserted a facially valid claim against a proposed defendant." *Quesada v. Atrium Hosp. LP*, No. 2:22-CV-06143-SVW-MAA, 2023 WL 1861213, at \*7 (C.D. Cal. Feb. 9, 2023).

Here, Plaintiff filed the FAC after the case was removed to federal court. *See* (NOR); (FAC). The only difference between the Complaint and FAC is the addition of Defendant Hill; Plaintiff does not allege additional facts or causes of action in the FAC against Defendant Hill. *Compare* (Compl.) *with* (FAC). Plaintiff has also not described why Defendant Hill was not named as a defendant in the Complaint, despite identifying his presence at the termination meeting on January 18, 2024. *See* (Compl. ¶ 14(a)); (FAC ¶ 14(a)).

Second, based on the Court's review of the FAC and Complaint, Plaintiff's hostile work environment and IIED claims against Defendant Hill are not facially valid. A claim is facially valid if it "seems valid, which is a lower standard than what is required to survive a motion to dismiss or motion for summary judgment." *Prudenciano Flores v. Nissan N. Am., Inc.*, No. 21-cv-09411-RSWL-PD, 2022 WL 1469424, at *4 (C.D. Cal. May 9, 2022). A plaintiff still must establish the elements of an alleged cause of action. *E.g. Hayes v. FCA US LLC*, No. 20-cv-3183-DMG-JC, 2020 WL 2857490, at *2 (C.D. Cal. June 2, 2020).

To state a claim for hostile work environment in violation of the FEHA, a plaintiff must allege: (1) membership in a protected group; (2) harassment because of the plaintiff's protected characteristic; and (3) harassment so severe that it created a hostile work environment. *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013) (citing Cal. Gov't Code § 12940(j)(1); *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, (1999), *disapproved of on other grounds by Bailey v. San Francisco Dist. Attorney's Off.*, 16 Cal. 5th 611 (2024)). To state a claim for intentional infliction of emotional distress, a plaintiff must allege "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993). Conduct is considered "extreme and outrageous" when it "exceed[s] all bounds of that usually tolerated in a

civilized community." *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009) (internal quotation marks and citations omitted).

Despite the low standard to assert facially valid claims, Plaintiff has not established the elements for his hostile work environment or IIED claims against Defendant Hill. The FAC lacks factual allegations relating to Defendant Hill's conduct toward Plaintiff: the FAC only alleges that "Hill refused to accommodate [light-duty work] restrictions and told [Plaintiff] there was no work he could perform," and that "[Defendants] Moisan and Hill stated, 'Here is your termination as it is effective now.' [Plaintiff] requested to speak with Human Resources . . . , but that request was denied." (FAC ¶¶ 13, 14). These allegations are insufficient to establish that Plaintiff experienced harassment that was so severe as to create a hostile work environment, or that Defendant Hill engaged in extreme and outrageous conduct.

As Plaintiff did not respond to Defendants' Opposition arguments, Plaintiff has waived the opportunity to point to facts, if any, that demonstrate Defendant Hill is a necessary party, Plaintiff would be prejudiced absent joinder, and/or that the statute of limitations will bar his IIED claim.[3] The one factor that weighs in favor of joinder is timeliness: Plaintiff filed the FAC joining Hill as a defendant on March 12, 2026, less than twenty-one days after Defendants filed their answer on February 20, 2026. *See* (*id.*); (Answer). Based on this timeline, Plaintiff timely amended his complaint when adding Hill as a defendant. *See* Fed. R. Civ. P. 15(a). Nevertheless, because Plaintiff likely filed the FAC to divest the Court of diversity jurisdiction and has not stated facially valid claims against Hill, the Court concludes that the § 1447(e) factors weigh against joinder and exercises its discretion to deny joinder of Defendant Hill. *See* 28 U.S.C. § 1447(e). Defendant Hill is therefore dropped from the action.[4] *See* Fed. R. Civ. P. 21. The Court

---

[3] Defendants recognize that Plaintiff's hostile work environment claim against Defendant Hill is not time-barred. *See* (Opp. at 24).

[4] As the Court concludes that Defendant Hill was misjoined under the § 1447(e) factors, the Court declines to address Defendants' argument that he was fraudulently joined as a

expresses no opinion as to whether Plaintiff may file a claim against Defendant Hill in state court.

In sum, Plaintiff is a citizen of California, Defendant Northrop is deemed a citizen Delaware and Virginia, and Defendant Moisan is a citizen of Alabama. *See* (Mot. at 9); (Opp. at 28–29). Accordingly, the remaining parties in the case are diverse.

### C.    Original Jurisdiction: Amount in Controversy

Where a plaintiff contests removal, the defendant bears the burden to "show the amount in controversy by a preponderance of the evidence," *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022), meaning that it is "more likely than not that the amount in controversy" exceeds the jurisdictional threshold, *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (internal quotation marks omitted). Assessed at the time of removal, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). In other words, "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417–18 (9th Cir. 2018). The removing defendant "need not present evidence of what its ultimate liability will be" and may rely on "a chain of reasoning that includes assumptions to calculate the amount in controversy." *Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025) (internal quotation marks and citation omitted). When assessing the amount in controversy, a court "may consider [the] allegations in the complaint and in the notice of removal, as well as [relevant] summary-judgment-type evidence." *Chavez*, 888 F.3d at 416.

The Court finds that Defendants have shown by a preponderance of the evidence that Plaintiff's damages exceed $75,000. In the Notice of Removal, Defendants assert that Plaintiff's hourly pay was $27.82 per hour at the time of his termination, and that his full-

---

sham defendant but notes the outcome would likely be similar for purposes of this Court's jurisdiction.

time earning capacity was approximately $1,112.80 per week. *See* (NOR at 9). Plaintiff seeks loss of earnings from his termination on or about January 18, 2024, and alleges that he "continues to sustain substantial losses of earnings and other employment benefits." (FAC ¶ 23). There were about 109 weeks between Plaintiff's termination on or about January 18, 2024, and the date of removal on February 20, 2026. Thus, Plaintiff's relief for lost earnings is estimated to be, at minimum, $121,295.20.[5]

Plaintiff's argument regarding his mitigation efforts, which Defendants may raise as an affirmative defense, does not counsel otherwise. *See* (Mot. at 11). In determining the amount in controversy for the purposes of federal subject matter jurisdiction, district courts do not consider the merits of a defendant's affirmative defense. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020) ("The district court erred in considering the merits of Harley-Davidson's affirmative defense to determine the amount in controversy."). The amount in controversy "reflects the maximum recovery the plaintiff could reasonably recover" based on the face of the complaint. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019)(citing *Chavez*, 888 F.3d at 417).

Given that Plaintiff's request for lost wages exceeds the $75,000 jurisdictional threshold, and that the parties are diverse, the Court concludes that it has federal subject matter jurisdiction over the case.

---

[5] Based on this figure, the Court does not need to assess the monetary value of Plaintiff's emotional distress and punitive damages at this juncture. *See* (FAC ¶ 32) ("As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.").

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES the Motion.  Defendant Herschel Hill is dismissed from the case pursuant to Federal Rule of Civil Procedure 21.  The Court will issue an order setting a scheduling conference for further adjudication of this case.

**IT IS SO ORDERED.**

DATED:  June 23, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

-15-